IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SIDNEY PERRY, #N52687,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-01785-SMY |
| | ) |
| **C/O HALL,** | ) |
| **C/O LOESING,** | ) |
| **C/O WESTERMAN,** | ) |
| **C/O TYNER,** | ) |
| **and WEXFORD,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sidney Perry is an inmate in the custody of the Illinois Department of Corrections (IDOC) currently incarcerated at Menard Correctional Center. Perry filed this lawsuit under 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from the use of excessive force by correctional officers at Menard.[1] The Complaint is subject to screening under 28 U.S.C. § 1915A, which requires dismissal of any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant.

## The Complaint

Perry makes the following allegations in the Complaint (Doc. 1, pp. 1-12): Perry is a legally disabled inmate who was assaulted by four correctional officers at Menard on February 28, 2024. *Id*. at 5. Just before the incident, Officer Rock gave Perry permission to walk to physical therapy from 1-gallery through 3-gallery of Menard's west living unit. While doing so, Perry was

---

[1] Perry identifies as transgender but does not disclose a preferred pronoun for use by the Court. Therefore, the Court will refer to Perry as "Plaintiff," "Perry," or "they/their/them."

1

approached by Officer Loesing and asked why they were on 3-gallery. Before Perry could answer, Officer Loesing slapped and pushed them to the floor. When Perry tried to stand, the officer pushed them back down. Officers Loesing, Hall, Westerman, and Tyner then cuffed and dragged Perry downstairs to the med tech room, where they repeatedly punched them in the head and body and caused abrasions and bruises. The officers targeted the Perry because they are "on file transgender." *Id*. at 6. The four officers and Wexford "by and through its nurses/personnel" denied Perry medical care on the date of the assault and follow-up care five days later. *Id*.

On or around July 19, 2024, Officer Loesing and another staff member retaliated against Perry, by entering their cell and causing another back injury and bleeding. *Id*. at 7. When Perry requested medical care, they were instructed to keep the injury clean to avoid infection. Perry received inadequate care and physical therapy. *Id*. Perry also complains of mail interference. *Id*.

## Preliminary Dismissals

Perry mentions Officer Rock and another staff member in the statement of claim but does not identify them as defendants. Therefore, all claims against them are considered **DISMISSED without prejudice**. *See* FED. R. CIV. P. 10(a).

## Discussion

The Court designates the following claims in the *pro se* Complaint:

Count 1: Eighth Amendment claim against Defendants Loesing, Hall, Westerman, and Tyner for using excessive force against Perry on February 28, 2024.

Count 2: Eighth Amendment claim against Defendants Loesing, Hall, Westerman, and Tyner and Wexford "by and through its nurses/personnel" for denying Perry medical care for the injuries they received on February 28, 2024.

Count 3: ADA claim against Defendants Loesing, Hall, Westerman, and Tyner for assaulting the legally disabled inmate on February 28, 2024.

Count 4: Fourteenth Amendment equal protection claim against Defendants Loesing, Hall, Westerman, and Tyner for targeting Perry for assault because the

|            |                                                                                                                                                                                                  |
|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | inmate is "on file transgender."                                                                                                                                                                 |
| Count 5:   | First Amendment claim against Officer Loesing for retaliating against Perry on or around July 19, 2024.                                                                                          |
| Count 6:   | Eighth Amendment claim against Officer Loesing for using excessive force against Perry and inflicting further injuries, including back injuries and bleeding, on or around July 19, 2024.        |
| Count 7:   | First and/or Fourteenth Amendment claim against Defendants for interfering with Perry's mail.                                                                                                    |

**Any other claim in the Complaint not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Counts 1 and 6

The Eighth Amendment prohibition against cruel and unusual punishment encompasses the use of unauthorized force against an inmate. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). To state an excessive force claim, an inmate must set out factual allegations suggesting that force was carried out "maliciously and sadistically" and not as part of a "good-faith effort to maintain or restore discipline" *Id*. at 40 (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

In connection with Count 1, Perry alleges that Officers Loesing, Hall, Westerman, and Tyner slapped, pushed, and punched them repeatedly without provocation on February 28, 2024. These allegations support a claim in Count 1 against all four officers.

Perry does not state a viable claim with respect to Count 6. Perry alleges that they suffered back injuries and bleeding on or around June 19, 2024 when Officer Loesing and another staff member entered their cell. However, Perry does not claim that either officer physically caused the injuries or bleeding. Therefore, Count 6 will be dismissed without prejudice.

3

**Count 2**

To state an Eighth Amendment claim for the denial of medical care, a plaintiff must first describe an objectively serious medical need, such as one that has been diagnosed by a physician as requiring treatment or one where the need for treatment is obvious. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The plaintiff must also describe deliberate indifference to that need, which occurs when the defendant knows of and disregards an excessive risk of harm to the inmate. *Id*.

Perry describes abrasions and bruising that are sufficiently serious to support this claim. Perry also alleges that Officers Loesing, Hall, Westerman, and Tyner inflicted the injuries that necessitated care and then denied access to treatment. These allegations are sufficient to state a colorable claim in Count 2 against these four officers.

However, Perry does not state a viable claim against Wexford, the private medical corporation that provided medical staff and medical care to inmates at Menard. Perry alleges that Wexford denied necessary treatment "by and through its nurses/personnel" on February 28, 2024 and five days later. But Wexford cannot be held liable for injuries caused by its employees because the doctrine of *respondeat superior* does not apply under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014)). Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Perry does not describe a policy or custom attributable to Wexford that and caused the alleged constitutional injury at issue. Accordingly, Count 2 will be dismissed without prejudice against Wexford.

### Counts 3, 4, 5, and 7

The remaining claims will be dismissed for failure to comply with applicable pleading requirements set forth in *Twombly* and Federal Rule of Civil Procedure 8. Perry relies entirely on conclusory statements to articulate these claims, which is insufficient. *Twombly*, 550 U.S. at 555. Further, regarding Count 3, Perry does not identify the disability that qualifies them for protection under the ADA. As for the constitutional claims in Counts 4, 5, and 7, Perry does not provide enough information to demonstrate any defendant's personal involvement in a constitutional deprivation. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022). Accordingly, Counts 3, 4, 5, and 7 will be dismissed without prejudice.

### Pending Motion

Perry's Motion for Recruitment of Counsel (Doc. 10) is **DENIED without prejudice**. A Court presented with this request must consider whether the indigent plaintiff has made reasonable attempts to secure counsel, and, if so, whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to present it. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Perry has shown some efforts to locate counsel, but has not yet demonstrated the need for an attorney to litigate the claims in this case. Perry cites an inability to read, but admits having a grade school education. Perry also cites serious mental illness but does not indicate that it is untreated or that it prevents the plaintiff from litigating their claims. On the contrary, Perry filed a coherent Complaint that survives screening on two straightforward claims without any need to amend. Both claims arise under the Eighth Amendment and hinge on facts already available to Perry (*i.e.*, the inmate's knowledge of the assault, injuries, and treatment). There is nothing for Perry to do to move this matter forward. The Court will initiate service on Defendants. Once Defendants answer, the Court will enter a scheduling order with instructions and deadlines for litigation.

**Disposition**

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A and proceed, as follows:

- **COUNTS 1** and **2** will proceed against Defendants **LOESING, HALL, WESTERMAN,** and **TYNER**, in their individual capacities.

- **ALL OTHER CLAIMS** and **DEFENDANTS** are **DISMISSED without prejudice** because the Complaint fails to state any other claim upon which relief may be granted.

For Counts 1 and 2, the Clerk shall prepare for Defendants **LOESING, HALL, WESTERMAN,** and **TYNER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply. 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues in this Order**.

Plaintiff is **ADVISED** that if judgment is rendered against them and the judgment includes the payment of costs under 28 U.S.C. §1915, they will be required to pay the full amount of the costs, even though they were granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate Plaintiff's whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act in CM/ECF.**

**IT IS SO ORDERED.**

DATED: November 12, 2024            *s/ Staci M. Yandle*
                                    **STACI M. YANDLE**
                                    **United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.