IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIDNEY PERRY, #N52687, | ) |
|        Plaintiff, | ) |
| -vs- | )    No. 24-cv-1785-SMY |
| C/O HALL, C/O LOESING, C/O WESTERMAN, C/O TYNER, And WEXFORD, | ) |
|        Defendants. | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME the Defendants, KENNETH HALL, MATTHEW TYNER, DILLON LOESING, and GIBSON WESTERMAN, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby provides their Answer and Affirmative Defenses to Plaintiff's Complaint, [Doc. 1], pursuant to ILSD-LR 8.2, and this Court's Memorandum and Order [Doc. 18], stating as follows:

**The Complaint**

Perry makes the following allegations in the Complaint (Doc. 1, pp. 1-12): Perry is a legally disabled inmate who was assaulted by four correctional officers at Menard on February 28, 2024. *Id*. at 5. Just before the incident, Officer Rock gave Perry permission to walk to physical therapy from 1-gallery through 3-gallery of Menard's west living unit. While doing so, Perry was approached by Officer Loesing and asked why they were on 3-gallery. Before Perry could answer, Officer Loesing slapped and pushed them to the floor. When Perry tried to stand, the officer pushed them back down. Officers Loesing, Hall, Westerman, and Tyner then cuffed and dragged Perry downstairs to the med tech room, where they repeatedly punched them in the head and body and caused abrasions and bruises. The officers targeted the Perry because they are "on file transgender." *Id*. at 6. The four officers and Wexford "by and

through its nurses/personnel" denied Perry medical care on the date of the assault and follow-up care five days later. *Id*.

**ANSWER: Defendants deny assaulting Plaintiff. Defendant Loesing admits to asking Plaintiff why they were on 3-gallery. Defendant Loesing denies slapping Plaintiff. Defendants admit to using reasonable force to restrain Plaintiff. Defendants admit to escorting Plaintiff to medical. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in the paragraph.**

On or around July 19, 2024, Officer Loesing and another staff member retaliated against Perry, by entering their cell and causing another back injury and bleeding. *Id*. at 7. When Perry requested medical care, they were instructed to keep the injury clean to avoid infection. Perry received inadequate care and physical therapy. *Id*. Perry also complains of mail interference. *Id*.

**ANSWER: Defendant Loesing denies retaliating against Plaintiff or causing Plaintiff injuries. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in the paragraph.**

## Discussion

The Court designates the following claims in the *pro se* Complaint:

Count 1: Eighth Amendment claim against Defendants Loesing, Hall, Westerman, and Tyner for using excessive force against Perry on February 28, 2024.

**ANSWER: Defendants deny using excessive force against Plaintiff and deny they violated Plaintiff's constitutional rights.**

Count 2: Eighth Amendment claim against Defendants Loesing, Hall, Westerman, and Tyner and Wexford "by and through its nurses/personnel" for denying Perry medical care for the injuries they received on February 28, 2024.

**ANSWER: Defendants deny they denied Plaintiff medical care and deny they**

**violated Plaintiff's constitutional rights.**

    Count 3:    ADA claim against Defendants Loesing, Hall, Westerman, and Tyner for assaulting the legally disabled inmate on February 28, 2024.

**ANSWER: Per the Merit Review Order (Doc. 18), the Court dismissed Count 3.**

    Count 4:    Fourteenth Amendment equal protection claim against Defendants Loesing, Hall, Westerman, and Tyner for targeting Perry for assault because the inmate is "on file transgender."

**ANSWER: Per the Merit Review Order (Doc. 18), the Court dismissed Count 4.**

    Count 5:    First Amendment claim against Officer Loesing for retaliating against Perry on or around July 19, 2024.
**ANSWER: Per the Merit Review Order (Doc. 18), the Court dismissed Count 5.**

    Count 6:    Eighth Amendment claim against Officer Loesing for using excessive force against Perry and inflicting further injuries, including back injuries and bleeding, on or around July 19, 2024.
**ANSWER: Per the Merit Review Order (Doc. 18), the Court dismissed Count 6.**

    Count 7:    First and/or Fourteenth Amendment claim against Defendants for interfering with Perry's mail.
**ANSWER: Per the Merit Review Order (Doc. 18), the Court dismissed Count 7.**

### RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any relief.

### JURY DEMAND

Defendant demands a trial by jury in this matter on all issues triable by a jury.

### AFFIRMATIVE DEFENSES

**1. Qualified Immunity**

At all times relevant to Plaintiff's claims, Defendants charged herein acted in the good faith

performance of their official duties without violating Plaintiff's clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Defendants are, therefore, protected from liability by the doctrine of qualified immunity.

### 2. Sovereign Immunity

Any claim made by Plaintiff for monetary damages against Defendants in their official capacity is precluded by the Eleventh Amendment, which bars an action for damages in federal court against a State or a State official sued in their official capacity.

### 3. Injunctive Relief Barred

To the extent Plaintiff is suing Defendants for declaratory relief or injunctive relief not intended to address ongoing violations, Plaintiff's requests for such relief are barred by the Eleventh Amendment, sovereign immunity, and the Prison Litigation Reform Act.

### 4. Failure to Exhaust Administrative Remedies

To the extent Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this case of action, Plaintiff's claims are barred by the Prison Litigation Reform Act. Plaintiff filed this lawsuit concerning prison conditions while in the custody of the Illinois Department of Corrections and failed to properly exhaust administrative remedies prior to filing his suit. Plaintiff's suit is therefore barred by 42 U.S.C. 1997e(a).

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff and deny any and all relief requested by Plaintiff in this matter.

    Respectfully submitted,

KENNETH HALL, MATTHEW TYNER, DILLON LOESING, and GIBSON WESTERMAN,

    Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

    Attorney for Defendants,

By:    s/Steven Mattingly
    Steven Mattingly, #6349811
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois 62701
    Telephone: (773) 590-7875
    Facsimile: (217) 782-8767
    E-Mail: Steven.Mattingly@ilag.gov
    & gls@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SIDNEY PERRY, #N52687,  )<br>  )<br>     Plaintiff,  )<br>  )<br>-vs-  )<br>  )<br>C/O HALL, C/O LOESING,  )<br>C/O WESTERMAN, C/O TYNER,  )<br>And WEXFORD,  )<br>  )<br>  )<br>     Defendants.  ) | No. 24-cv-1785-SMY |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, I presented the foregoing *Answer and Affirmative Defenses* to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

    NONE

and I further hereby certify that on the same date, I have mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

    Sidney Perry, N52687
    MENARD CORRECTIONAL CENTER
    Individual in Custody Legal Mail
    711 Kaskaskia Street
    P.O. Box 1000
    Menard, IL 62259

                          Respectfully Submitted,

                  By:    s/Steven Mattingly
                          Steven Mattingly, #6349811
                          Assistant Attorney General
                          500 South Second Street
                          Springfield, Illinois 62701
                          Telephone: (217) 785-4555
                          Facsimile: (217) 782-8767
                          E-Mail: Steven.Mattingly@ilag.gov
                          & gls@ilag.gov