## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SIDNEY PERRY, #N52687,       )
       )
          **Plaintiff,**     )
       )
     **vs.**       )     **Case No. 24-cv-01785-SMY**
       )
C/O KENNETH HALL,      )
C/O DILLON LOESING,     )
C/O GIBSON WESTERMAN,   )
and C/O MATTHEW TYNER,[1]  )
       )
      **Defendants.**   )

# INITIAL SCHEDULING AND DISCOVERY ORDER

**YANDLE, District Judge:**

This case is now past the threshold review of the complaint under 28 U.S.C. § 1915A, and Defendants have answered. (*See* Doc. 27). This Scheduling and Discovery Order provides instructions and deadlines for litigation of this case.[2] The following procedures will apply to this case.

## I.    Filing Fee

Plaintiff was assessed an initial partial filing fee of **$1.55**. (Doc. 17). The Court notes that Plaintiff still owes **$1.55** towards payment of the initial partial filing fee. Plaintiff shall have until **March 14, 2025** to pay that sum in full or to demonstrate that he has no means to pay that amount. If Plaintiff attempts to show that he is without the means to pay the initial partial filing fee, he must include a statement of his prison trust fund account showing all transactions and balances for the entire period this case has been pending.

---

[1] The Clerk of Court is **DIRECTED** to correct the docket sheet to reflect the complete and correct spellings of Defendants' names.
[2] Because litigation can be difficult for *pro se* prisoners, this Order is being issued to help explain and streamline the process. The parties should closely read this Order, which contains important information on deadlines, discovery, and the Court's procedures. The parties also should review the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Illinois.

## II.    Initial Disclosures and Pretrial Filings

**A.** Plaintiff shall have until **February 4, 2025** to produce to Defendants the following information related to Plaintiff's allegations:

1. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge;

2. A statement of the injuries Plaintiff has suffered and the relief he seeks; and

3. A signed release for medical records.

**Plaintiff shall produce the above information directly to Defendants; the information shall NOT be filed with the Court.**

**B.** Defendants shall have until **February 4, 2025** to produce to Plaintiff copies of the following documents and information related to Plaintiff's allegations:

1. Incident reports;

2. Grievances, along with any responses or other related materials, such as grievance logs and counselor's notes;

3. Disciplinary tickets, along with any documents related to the resolution of the tickets;

4. Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time;

5. Reports and/or statements of persons with knowledge of the incidents;

6. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to Plaintiff; and

7. Defendants shall produce copies of relevant medical records (provided Plaintiff has executed the required release form as directed above).

**Defendants may object to the production of the above for specific security or other concerns.**

**C.** Defendants shall **immediately** send Plaintiff a medical release form to enable compliance with Section II(B)(7) above.

### III.    Amendments to the Complaint

Amendments to a complaint are governed by Federal Rule of Civil Procedure 15.  If Plaintiff later seeks to file an amended complaint pursuant to Rule 15(a)(2), he must send both the proposed amended complaint and a motion asking for leave (permission) to file the amended complaint.  Defendants will have an opportunity to object to Plaintiff's motion for leave to file an amended complaint.  The Court will then review the proposed amended complaint and either grant or deny the motion to amend the complaint.

Should Plaintiff file a motion seeking leave to amend the complaint, the following rules shall apply:

**A.**  Plaintiff shall have until **February 25, 2025** to file a motion for leave to amend the complaint to include any additional claims or parties.  **Failure to file a motion for leave to amend by this date may bar further amendment of the complaint, except for good cause shown.**

**B.**  Plaintiff must attach the entire proposed amended complaint to the motion for leave to amend.  The Court does not accept piecemeal amendments.  Therefore, the proposed amended complaint must stand complete on its own, including exhibits.  The amended complaint, if accepted, will replace the prior complaint in its entirety so any claims or parties that are not included in the proposed amended complaint will be automatically dismissed.

**C.**  Plaintiff's motion should explain how the proposed amended complaint differs from the complaint on file.  The proposed amended complaint also must comport with the formatting requirements of Local Rule 15.1.  In addition, all new material in an amended pleading must be underlined.  Failure to comply with this requirement will result in rejection of the proposed amended complaint.

## IV.     Exhaustion of Administrative Remedies

Under Federal law, a prisoner must exhaust available administrative remedies *before* filing a lawsuit that challenges prison conditions.  42 U.S.C. § 1997e(a).  Accordingly:

**A.**  Defendants shall have until **March 18, 2025** to file a motion for summary judgment on the issue of exhaustion of administrative remedies.  Along with the motion, Defendants shall serve upon Plaintiff copies of all relevant grievances; all responses to those grievances, including grievance counselor responses and determinations by the Administrative Review Board; any relevant grievance counselor logs; and/or any other relevant documents in their possession concerning exhaustion of the pending claims in this case.  **If Defendants decide prior to the deadline that they will not pursue an affirmative defense on this issue, they shall promptly file a motion to withdraw the affirmative defense.**

**B.**  Plaintiff shall have until 30 days after a defendant's motion is filed to respond.  In responding to the motion, Plaintiff shall serve upon Defendants copies of all documents in his possession relevant to the issue of exhaustion.  Plaintiff also should include a description of any additional steps he took to exhaust administrative remedies not reflected in the materials produced to the Court.  This description should include the dates additional steps were taken, the name of any individual involved in the process, and whether any response was provided.  **Plaintiff's failure to respond to the motion for summary judgment within the allotted time may result in an Order granting the motion and/or dismissing the case.**

**C.**  **Under SDIL Local Rule 7.1 and this Court's Case Management Procedures, reply briefs are not favored and should be filed only in exceptional circumstances**.  In that regard, any party wishing to file a reply brief shall, within three (3) days of service of the response, file a motion for leave. The motion for leave shall set forth the

exceptional circumstances justifying a reply. If filed, reply briefs may be no longer than 5 pages and must be filed within fourteen (14) days of obtaining leave for replies governed by Local Rule 7.1(b)(1)(B) and within seven (7) days of obtaining leave for replies governed by Local Rule 7.1(b)(2)(B). Any reply briefs filed in violation of these requirements shall be stricken and will not be considered by the Court.

**D.** Judge Yandle does not require compliance with Local Rule 56.1(b) – (d) and (j). However, material facts set forth in a memorandum or brief in support of or in opposition to summary judgment must be followed by specific citations to the record, including page numbers (a material fact is one that bears directly on a legal issue raised in the motion). The Court will disregard any asserted fact that is not supported with a citation to the record.

**E.** The Court will determine whether a hearing is necessary on the exhaustion issue.

## V.    Late Appearing Parties

For any party entering an appearance after the date of this Order (for example, a Defendant added by Plaintiff through an amended complaint):

**A.** Plaintiff shall make the initial disclosures required by Section II(A) of this Order within 21 days from the new party's appearance;

**B.** The new party shall make the initial disclosures required by Section II(B) of this Order within 21 days from its appearance in this case;

**C.** The new party shall have 30 days from the date of its Answer to file a motion for summary judgment for failure to exhaust administrative remedies.

## VI.    Discovery

With the exception of the initial disclosures required by this Order, discovery on the merits of Plaintiff's claims is **STAYED** until the Court resolves the question of whether he has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act.

This stay applies to every Defendant regardless of whether that Defendant has moved for summary judgment on the issue of exhaustion. Any motions filed regarding discovery on the merits will be summarily denied, with leave to refile after the stay has been lifted.

Once the Court resolves the issue of exhaustion of administrative remedies, or if Defendants decide not to file a motion for summary judgment on the issue of exhaustion, the stay on discovery will be lifted. A second scheduling order will then be entered setting deadlines for discovery, dispositive motions, and trial.

**VII.   Other Matters**

**Deadline extensions are disfavored and will be granted only upon a demonstration of extraordinary circumstances. Motions for extension filed on the deadline date may be denied as untimely. Failure to follow this Order may result in sanctions, including dismissal of the case.**

Plaintiff is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution and failure to comply with a court order**. *See* Fed. R. Civ. P. 41(b).

Finally, the Clerk of Court is **DIRECTED** to change Defendants' names in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED: 1/14/2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**